**Ignacio GALVAN–HERNANDEZ, aka Ignacio Galvan, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 10–70118.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 2011.

Filed Jan. 19, 2011.

Danilo Ballecer, Ballecer & Segal LLP, Phoenix, AZ, for Petitioner.

OIL, Lyle Davis Jentzer, Esquire, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HUG, SCHROEDER, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Galvan–Hernandez petitions for review of the Board of Immigration Appeals' decision finding him removable because his conviction for attempted kidnapping, pursuant to Ariz.Rev.Stat. §§ 13–1001 and 13–1304, qualifies as a crime of violence, and hence, an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43)(F), (U).

"We review de novo whether a criminal conviction is a crime of violence and there-

* This disposition is not appropriate for publication and is not precedent except as provided

fore an aggravated felony rendering an alien removable." *Covarrubias Teposte v. Holder,* 623 F.3d 1094, 1096 (9th Cir.2010) (citation omitted). The Board of Immigration Appeals properly determined that attempted kidnapping under the Arizona statutes is categorically a crime of violence under 18 U.S.C § 16(b) because it involves a substantial risk that physical force may be used in the course of committing the offense. *See United States v. Williams,* 110 F.3d 50, 52 (9th Cir.1997) (holding that kidnapping "involves a serious potential risk of physical injury to the kidnapped person.") (citing cases) (alteration and internal quotation marks omitted).

Once a determination is made that an alien was convicted of an aggravated felony, we lack jurisdiction to conduct any further review of the Board of Immigration Appeals' decision. *See Arteaga v. Mukasey,* 511 F.3d 940, 946 (9th Cir.2007).

**PETITION DISMISSED.**